UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICKY SIMPSON                                                                                                                Plaintiff

v.                                                                                 Civil Action No. 3:20-CV-P599-RGJ

DEP'T OF CORRECTIONS., *et al.*                                                        Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Ricky Simpson filed the instant *pro se* action proceeding *in forma pauperis*. The complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, a convicted inmate at the Roederer Correctional Complex (RCC) at the time relevant to the complaint, sues the Department of Corrections (DOC); "Roederer Correctional[,]" which the Court presumes is RCC; and "Medical Staff (R.C.C.) et. al."

Plaintiff asserts a violation of his Eighth and Fourteenth Amendment rights. He states the following factual allegations:

> It has . . . become a known fact that bringing prisoners i.e. Jefferson Co. Louisville, Ky. with 6 known cases at R.C.C. among them has placed prisoners i.e. Mr. Rick Simpson at an extremely high risk for contracting COVID-19 along with being unable to follow "state" "federal" and health guidelines putting Mr. Simpsons life safety and health in danger.

He states, "Under the 14th amendment placeing Mr. Simpson in greater 'than' danger is uncalled for and these are just a few of the reasons for this action." As relief, Plaintiff seeks compensatory and punitive damages.

Plaintiff also filed a letter signed on November 18, 2020, indicating that he had been transferred to the Northpoint Training Center (NTC) (DN 8). On February 9, 2021, he filed a letter enclosing a medical report showing that he tested positive for COVID-19 on December 16, 2020, while housed at NTC (DN 9).

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

**A. Claims against DOC and RCC**

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because neither DOC, a state agency, nor RCC, a state prison operated under DOC, is a "person" under § 1983, the Court will dismiss the claims against them for failure to state a claim upon which relief may be granted.

Moreover, the Eleventh Amendment specifically prohibits federal courts from exercising subject-matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Further, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 146; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Therefore, the Eleventh Amendment acts as a bar to all claims for relief against DOC and RCC, and the claims against them must be dismissed for this reason, as well.

**B. Claim against "Medical Staff (R.C.C.) et. al."**

Federal Rule of Civil Procedure 8(a) of the requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). It is not sufficient for Plaintiff to sue "Medical Staff (R.C.C.)" because it fails to put any Defendant on notice of a claim against him or her. Moreover, Federal Rule of Civil Procedure 10(a) provides that the "title of the complaint must name all the parties[.]" Therefore, while Plaintiff writes "et. al." after naming "Medical Staff" in the caption of complaint, Plaintiff is required to name all parties, and the Court does not consider Plaintiff's inclusion of "et. al." as suing additional Defendants.

**C. Eighth and Fourteenth Amendment claims**

Even if Plaintiff had sued the proper Defendants, his Eighth and Fourteenth Amendment claims would still be subject to dismissal. Because Plaintiff is a convicted inmate, the Fourteenth Amendment does not apply to his claims. Rather, the Eighth Amendment is the source of protection for convicted prisoners complaining of prison conditions. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.").

In order for a prisoner to state an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25,

4

35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35-37. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844.

Plaintiff alleges that, while he was housed at RCC, inmates from Jefferson County, where there were six known COVID-19 cases, were being brought to RCC which placed him "at an extremely high risk for contracting COVID-19[,]" prevented him from being able to follow state and federal health guidelines, and put his health and safety at risk. However, Plaintiff fails to allege any specific facts showing that any RCC personnel acted with the requisite deliberate indifference to a substantial risk of serious harm to Plaintiff. Nor does Plaintiff allege specific facts showing that he was harmed while housed at RCC, other than his fear of becoming infected. *See Brittain v. Dickerson*, No. 15-2823-JDT-tmp, 2016 U.S. Dist. LEXIS 109857, at *17 (W.D. Tenn. Aug. 18, 2016) (finding that "speculative fears" are insufficient to state a claim for deliberate indifference). While Plaintiff apparently tested positive for COVID-19 on December 16, 2020, that was approximately a month after he was transferred to NTC. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555; *Moore v. Washington*, No. 1:20-cv-1184, 2021 U.S. Dist. LEXIS 26011, at *15 (W.D. Mich. Feb. 11, 2021) (dismissing claim under § 1915A brought by inmate based on prion's handling of COVID-19 and finding plaintiff "fails to allege any specific facts showing that the named Defendants in this case acted with the requisite deliberate indifference to a substantial risk of serious harm to Plaintiff"); *McCrary v. Dewine*, No. 1:20-cv-388, 2021 U.S. Dist. LEXIS 18292, at *9 (S.D. Ohio Feb. 1, 2021) (recommending

dismissal under § 1915A and finding that "Plaintiffs' general conclusory allegation that the prison system is ill-equipped for social distancing or protecting inmates is insufficient to state a claim") (citing *Iqbal*, 556 U.S. at 678)).

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:




cc: Plaintiff, *pro se*
  Defendants
A961.010